05-02439-A
COMPLAINT
PLAINTIFF: FIRST AMERICAN TITLE COMP
DEFENDANT: LAWRENCE ORMSBY
JUDGE: HON. M. MCMANUS
RELATED CASE: 05-28840

FILED 10/28/05 - 12:19 PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION   sfas
RECEIPT NO: 2-5-026674 $250.00

2005-02439
401

5

JAMES A. TIEMSTRA (Bar No. 96203)
HEIDI A. TIMKEN (Bar No. 159731)
STEPHEN C. SETO (Bar No. 175458)
ETHAN K. FRIEDMAN (Bar No. 208584)
MILLER, STARR & REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California 94596
Telephone: (925) 935-9400

Attorneys for Plaintiff
FIRST AMERICAN TITLE COMPANY OF NEVADA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LAWRENCE E. ORMSBY and CINDY J. ORMSBY,<br><br>Debtors. | Case No. 05-28840-A-7<br><br>Chapter 7 |
| FIRST AMERICAN TITLE COMPANY OF NEVADA, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE E. ORMSBY,<br><br>Defendant. | Adversary Proceeding No. |

FIRST AMERICAN TITLE COMPANY OF NEVADA'S COMPLAINT
TO DETERMINE DEBT NONDISCHARGEABLE
[11 U.S.C. §§ 523(a)(4) and (a)(6)]

Plaintiff, FIRST AMERICAN TITLE COMPANY OF NEVADA ("First American" or "Plaintiff"), alleges as follows

## NATURE OF ACTION

1. This is an action by First American against the Debtor, Lawrence E. Ormsby ("Debtor"), to determine a debt arising out of a Nevada state court judgment against the Debtor for, *inter alia*, misappropriation of trade secrets, conspiracy and conversion nondischargeable.

## PARTIES

2. First American is, and at all times herein mentioned was, a corporation duly licensed to conduct business in the state of Nevada.

3. First American is informed and believes and based thereon alleges that the Debtor is, and at all times herein mentioned was, an individual over the age of 18, residing in Nevada City, California.

4. The Debtor is the debtor in this Chapter 7 proceeding. First American is a creditor of the Debtor.

## JURISDICTION/VENUE

5. This Court has jurisdiction over the subject matter of this adversary proceeding based on 28 U.S.C. §§ 157(a), 157(b) and this is a core proceeding under 28 U.S.C. § 157(b).

6. Venue is appropriate pursuant to 28 U.S.C. § 1409.

7. This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure Rule 7001, whereby First American seeks a determination that the Debtor's debt to First American is non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(4) and (a)(6).

## FACTUAL BACKGROUND

8. First American provides escrow services and title insurance for real estate transactions in Washoe County, Nevada.

9. As part of its business, First American, with other title companies, maintains a document database evidencing various claims, covenants, easements and other conditions affecting real property, which First American utilizes in examining and insuring title.

This database allows First American to conduct its title searches faster and at less cost than if it had to rely on the official public records. The database is maintained at three title plants (the "Title Plants") in Washoe County and on microfiche in a non-public area at First American (the "Title Plant Microfiche") and constitutes First American's trade secrets valued in excess of one million dollars.

10. In the spring of 2000, the Debtor began soliciting First American's employees to assist him in opening a new title company called Inter-County Title Company, which was owned by the Debtor. Among these employees was Joseph McCaffrey, a title officer and manager at First American who had access to all of First American's records, including the Title Plant Microfiche. The Debtor was aware that having access to the Title Plant Microfiche could make Inter-County Title immediately competitive, thus, he conspired with McCaffrey to misappropriate and, did in fact, misappropriate copies of the Title Plant Microfiche from First American without First American's consent.

11. In August 2000, First American filed a complaint in Nevada state court (the "State Court") against the Debtor, McCaffrey and Inter-County Title for, *inter alia*, misappropriation of trade secrets, conspiracy and conversion (the "State Court Case").

12. On May 4, 2005, and after a lengthy bench trial, the State Court entered its Findings Of Fact, Conclusions Of Law and Judgment (the "Judgment") in the State Court Case. A true and correct copy of the Judgment is being filed concurrently as Exhibit A to First American Title Company of Nevada's Complaint to Determine Debt Nondischargeable.

13. As set forth more fully in the Judgment, the State Court found, *inter alia*, that the defendants, including Ormsby, had willfully and maliciously misappropriated the Title Plant Microfiche from First American for use by Inter-County Title Company.

14. Based on its findings, the State Court entered judgment (the "Judgment") in favor of First American and against the defendants, jointly and severally, for $141,500 in compensatory damages, $283,000 in punitive damages, $47,593.83 in prejudgment interest, per diem interest from January 1, 2005 through May 2, 2005 at the rate of $28.11, plus costs and attorneys fees in an amount to be determined by the State Court.

## FIRST CLAIM FOR RELIEF (TO DETERMINE DEBT NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(4))

15. First American repeats and re-alleges each and every allegation contained in paragraphs 1 through 14, above, as if fully set forth herein.

16. As set forth more fully above, the Debtor fraudulently and wrongfully misappropriated the Title Plant Microfiche from First American with the intent to convert the Title Plant Microfiche for his company's use without First American's consent.

17. The sums awarded to First American and against the Debtor pursuant to the Judgment constitute a debt for larceny that is non-dischargeable under 11 U.S.C. § 523(a)(4).

## SECOND CLAIM FOR RELIEF (TO DETERMINE DEBT NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(6))

18. First American repeats and re-alleges each and every allegation contained in paragraphs 1 through 17, above, as if fully set forth herein.

19. The Debtor fraudulently and wrongfully misappropriated the Title Plant Microfiche from First American with the intent to convert the Title Plant Microfiche for his company's use without First American's consent. The Debtor was aware that the misappropriation would injure First American and was without just cause or excuse.

20. The sums awarded to First American and against the Debtor pursuant to the Judgment constitute a debt for willful and malicious injury that is non-dischargeable under 11 U.S.C. § 523(a)(6).

## REQUEST FOR JUDGMENT

Based on the foregoing, First American requests judgment be entered against the Debtor as follows:

(a) That the Court determine that the sums awarded to First American and against the Debtor pursuant to the Judgment constitute a debt (the "Debt") that is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4);

(b) That the Court determine that the Debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

(c) For judgment against the Debtor in an amount according to proof;

(d) For pre-judgment interest on the Debt at the maximum legal rate;

(e) For post-judgment interest on the Debt at the maximum legal rate until the Debt is paid;

(f) For attorneys' fees and costs according to proof; and

(g) For such other and further relief as the Court deems just, equitable and appropriate under the circumstances.

Dated: October 27, 2005

MILLER, STARR & REGALIA

By: _____
ETHAN K. FRIEDMAN
Attorneys for Plaintiff
FIRST AMERICAN TITLE COMPANY
OF NEVADA